## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MANETIRONY CLERVRAIN,

     Plaintiff,

v.                                           No. 21-cv-480 JCH-KBM

MATTHEW DUNLAP,

     Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Manetirony Clervrain's post judgment Motion Regarding Manifest Injustice/Electronic Filing Act and Motion to Mitigate Financial Burden (Docs. 6, 7) (Motions). Construed liberally, the Motions seek relief from the Order and Judgment dismissing this civil case without prejudice. Having reviewed the arguments and applicable law, the Court will deny both Motions.

## BACKGROUND

Plaintiff initiated this case by filing a *pro se* Motion for Judicial Intervention (Doc. 1) (Opening Pleading). It consists of 309 pages and references immigration law, genocide, crimes against humanity, false imprisonment, administrative statutes, intellectual property statutes, market manipulation, and class certification. The certificate of service reflects Plaintiff filed the Opening Pleading in multiple federal courts, including the Districts of New Mexico; Maine; Delaware; Idaho; and Hawaii. *See* Doc. 1 at 310. Plaintiff did not pay the civil filing fee or, alternatively, file a motion to proceed *in forma pauperis*. By an Order entered July 26, 2021, the Court directed Plaintiff to address the filing fee and submit a single amended complaint that complies with Fed. R. Civ. P. 8(a). Plaintiff was also directed to specify how the claims are connected to New Mexico

and why he believes the New Mexico Federal Court has jurisdiction over this matter.  The Clerk's

Office mailed Plaintiff a blank *in forma pauperis* motion and a blank civil rights complaint, to assist

with the amendment.  Plaintiff was warned that the failure to timely comply would result in

dismissal of this case without further notice.

The deadline to cure both deficiencies was August 25, 2021.  Plaintiff failed to address the

filing fee, amend his pleading, or otherwise respond to the Order.  Accordingly, the Court dismissed

this action without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply

with the … court's orders."  *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).  The

Order of Dismissal and Judgment were entered on August 26, 2021.  *See* Docs. 3, 4 (Dismissal

Ruling).  On September 8, 2021, the Clerk's Office received around 500 pages of post-judgment

filings, which were difficult to discern.  The Court entered an Order on the same day declining to

file the submissions, as processing the pages via CM/ECF would significantly burden Clerk's

Office staff.  *See* Doc. 5.  Plaintiff was instead permitted to file a single post-judgment motion that

does not exceed 20 pages, with 12-point font and one-inch margins.  The Order noted that "[i]f

Plaintiff files the motion by September 23, 2021 [*i.e.,* within 28 days after the Dismissal Ruling],

it will be construed under Fed. R. Civ. P. 59(e).  Otherwise, it will be construed under Fed. R. Civ.

P. 60(b)."  Doc. 5 at 1.

Plaintiff filed the instant post-judgment Motions on November 1, 2021.  *See* Docs. 6, 7.

The Motions do not comply with the page limits in the prior Order, but the Court will consider

them because it does not change the result.

## DISCUSSION

Post-judgment motions filed more than 28 days after entry of the Judgment are generally

construed under Fed. R. Civ. P. 60(b).  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th

Cir. 1991) (motions to reconsider filed within 28 days after the judgment are generally analyzed

under Rule 59, and any later motions are analyzed under Rule 60).  Rule 60(b) allows relief from

a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence; or (3) fraud.  *See* Fed. R. Civ. P. 60(1)-(3).  Rule 60(b)(6) also contains a

catchall clause for any other reason that justifies relief.   However, Rule 60(b)(6) relief is

"extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such

relief."  *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).

Courts have considerable discretion in deciding whether to reconsider a ruling.  *See Phelps v.*

*Hamilton*, 122 F.3d 1309, 1324 10th Cir. 1997).

Plaintiff's post-judgment Motions do not identify a mistake, new evidence, or fraud, nor do

they explain his failure to cure deficiencies before entry of the Dismissal Ruling.  They simply

expand upon his original theories for substantive relief and contain a belated request to file

electronically and proceed *in forma pauperis*.  *See* Docs. 6, 7.  "Rule 60(b) is not a second

opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up

arguments that previously failed."  *Scherer v. Hill*, 213 F.R.D. 431, 432 (D. Kan. 2003), *aff'd*, 81

Fed. App'x 995 (10th Cir. 2003).  Accordingly, Plaintiff is not entitled to relief under Rule 60(b),

and the Court will deny his post-judgment Motions.  Plaintiff may file a new complaint and *in*

*forma pauperis* motion if he seeks substantive relief, as the Dismissal Ruling was entered without

prejudice.

**IT IS ORDERED** that Plaintiff Manetirony Clervrain's post-judgment Motion Regarding

Manifest Injustice Act and Electronic Filing Act (**Doc. 6**) and post-judgment Motion to Mitigate

Financial Burden (**Doc. 7**) are **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE