IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANETIRONY CLERVRAIN,

    Plaintiff,

v.                                                                                           No. 21-cv-480 JCH-KBM

MATTHEW DUNLAP,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff Manetirony Clervrain's post judgment Summons and Notice of Lawsuit (Docs. 9, 10) (Post-Judgment Filings).  In the Post-Judgment Filings, Plaintiff purports to sue the District of New Mexico for dismissing his claims and/or amend the claims in this closed case.  Having reviewed the record and applicable law, the Court finds no relief is available in this closed case.

## BACKGROUND

    Plaintiff initiated this case by filing a *pro se* Motion for Judicial Intervention (Doc. 1) (Opening Pleading).  It consists of 309 pages and references immigration law, genocide, crimes against humanity, false imprisonment, administrative statutes, intellectual property statutes, market manipulation, and class certification.  The certificate of service reflects Plaintiff filed the Opening Pleading in multiple federal courts, including the Districts of New Mexico; Maine; Delaware; Idaho; and Hawaii.  *See* Doc. 1 at 310.  Plaintiff did not pay the civil filing fee or, alternatively, file a motion to proceed *in forma pauperis*.  By an Order entered July 26, 2021, the Court directed Plaintiff to address the filing fee and submit a single amended complaint that complies with Fed. R. Civ. P. 8(a).  Plaintiff was also directed to specify how the claims are connected to New Mexico

and why he believes the New Mexico Federal Court has jurisdiction over this matter. The Clerk's Office mailed Plaintiff a blank *in forma pauperis* motion and a blank civil rights complaint, to assist with the amendment. Plaintiff was warned that the failure to timely comply would result in dismissal of this case without further notice.

The deadline to cure both deficiencies was August 25, 2021. Plaintiff failed to address the filing fee, amend his pleading, or otherwise respond to the Order. Accordingly, the Court dismissed this action without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). The Order of Dismissal and Judgment were entered on August 26, 2021. *See* Docs. 3, 4 (Dismissal Ruling).

On September 8, 2021, the Clerk's Office received around 500 pages of post-judgment filings, which were difficult to discern. The Court entered an Order on the same day declining to file the submissions, as processing the pages via CM/ECF would significantly burden Clerk's Office staff. *See* Doc. 5. Plaintiff was instead permitted to file a single post-judgment motion that does not exceed 20 pages, with 12-point font and one-inch margins. Plaintiff filed two post-judgment motions on November 1, 2021. *See* Docs. 6, 7. The Court denied those motions by a Memorandum Opinion and Order entered September 28, 2022. *See* Doc. 8.

Plaintiff submitted the instant Post-Judgment Filings over two years later, on October 2, 2024. *See* Docs. 9, 10. The Court will consider whether relief is available in this closed case.

## DISCUSSION

Post-judgment filings that are submitted more than 28 days after entry of the Judgment are generally construed under Fed. R. Civ. P. 60(b). *See Van Skiver v. United States*, 952 F.2d 1241,

2

1243 (10th Cir. 1991) (motions to reconsider filed within 28 days after the judgment are generally analyzed under Rule 59, and any later motions are analyzed under Rule 60). To obtain relief more than one year after entry of a final judgment, the movant typically must show the judgment is void or has been otherwise satisfied. *See* Fed. R. Civ. P. 60(b)(4)-(6), (c)(1). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Courts have considerable discretion in deciding whether to reconsider a ruling. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

The instant Post-Judgment Filings purport to issue a summons and sue the District of New Mexico for dismissing his case. *See* Docs. 9, 10. Construed liberally, Plaintiff may also seek leave to amend his claims to add the District of New Mexico as a Defendant. *See* Doc. 9. The Post-Judgment Filings attach a copy of the "Nation Union Data Access Treaties Act," which allegedly gives certain representatives the right to "litigate against bureaucracy." Doc. 9 at 3; Doc. 10 at 3.

To the extent Plaintiff seeks relief in this case, such relief is not warranted under Rules 60(b)(4)-(6). Plaintiff has not shown the Judgment of dismissal is void or otherwise invalid, nor has he shown that the case should be reopened based on extraordinary circumstances. To the extent Plaintiff seeks to serve the District of New Mexico in an unrelated matter by filing documents in this closed case, the Court will take no further action on those documents. It is unclear what claims, if any, Plaintiff raises against the District of New Mexico or where he seeks to litigate those claims. The Court will therefore deny the Post-Judgment Filings. Plaintiff is reminded that *pro se* parties must file all documents via mail or in person, rather than by emailing the CM/ECF helpdesk. *See*

NM Local Rule 5.1 (noting that *pro se* parties do not file via CM/ECF, and "[f]axing, email or any other form of electronic submission … will not be accepted by the Clerk"). The Clerk's Office may decline to file any future documents that Plaintiff submits via email.

      **IT IS ORDERED** that Plaintiff Manetirony Clervrain's Post-Judgment Filings (**Docs. 9, 10**) are **DENIED**.

 

_____
SENIOR UNITED STATES DISTRICT JUDGE